**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4477**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT BOVE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00104-RJC-1)

Submitted: February 20, 2014        Decided: February 25, 2014

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc L. Resnick, Washington, D.C., for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Bove appeals his 135-month, below-Guidelines sentence imposed after he pled guilty to one count each of transportation of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(1) (West Supp. 2013), and possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(4) (West Supp. 2013). Bove argues that his sentence is procedurally unreasonable because he asserts that the district court failed to duly consider his argument that his sentence should be lower based on his low recidivism risk. Bove also asserts that his sentence is substantively unreasonable because given his history and characteristics, a shorter sentence would have achieved the purposes of 18 U.S.C. § 3553(a) (2012). Finding no error, we affirm.

Because Bove requested a sentence different than the one imposed, his claim was properly preserved, and this court reviews it for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an

2

individualized explanation addressing those arguments, and thus preserves its claim.").

This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 51 (2007). This court must first assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see Lynn, 592 F.3d at 576 ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review") (internal quotation marks and citation omitted). "Although a court need not necessarily issue a comprehensive, detailed opinion, the court's explanation must nonetheless be sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (brackets omitted).

The district court's explanation "need not be elaborate or lengthy," however. Carter, 564 F.3d at 330. As this court has noted: "Gall was quite explicit that district courts should provide more significant justifications for major departures than for minor ones. But when a district court does not depart or vary at all, it may provide a less extensive, while still individualized, explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009) (internal citations, quotation marks and brackets omitted).

If there is no procedural error, we may then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks and citation omitted). "In analyzing a sentence for substantive reasonableness, we consider the sentence under a deferential abuse-of-discretion standard, whereby we must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted). We apply a presumption of reasonableness to a sentence within or below a properly calculated Guidelines range. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

We reject Bove's argument that his sentence is procedurally unreasonable and should be vacated because the district court allegedly failed to mention counsel's argument that he presented a low risk of reoffending. This court may look to the entirety of Bove's sentencing proceeding to determine whether the district court understood his argument for a reduced sentence but had reasons for rejecting that argument. See Rita, 551 U.S. at 344-45, 358-59. It is apparent from the record that the district court: (1) engaged in discussion about counsel's arguments for a lesser sentence; (2) fully considered counsel's arguments, including his argument that Bove's low risk of reoffending required a lesser sentence; (3) rejected the argument that Bove's alleged low recidivism risk required a lesser sentence; and (4) thoroughly considered and discussed the § 3553(a) factors it believed justified Bove's sentence. Accordingly, we find no procedural sentencing error by the district court. Cf. Lynn, 592 F.3d at 583-85 (finding reversible error where the district court gave "no indication that [it] considered the defendant's nonfrivolous arguments prior to sentencing him" and stated only that it found Lynn's sentence to be "fair and appropriate and consistent with the requirements of § 3553(a)" before imposing Lynn's sentence) (internal ellipses and brackets omitted).

We also reject Bove's argument that his 135–month below-Guidelines range sentence was substantively unreasonable and greater than necessary to achieve § 3553(a)'s purposes. After considering the district court's thorough explanation for the chosen sentence and its explicit discussion of the § 3553(a) factors, and after considering the parties' arguments, we find that Bove has failed to rebut the appellate presumption of reasonableness this court affords his below-Guidelines sentence. Susi, 674 F.3d at 289. Accordingly, we conclude that Bove's sentence is not substantively unreasonable.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED